# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re* Petition of Marginalised Affected Property Owners,<br>*Applicant*,<br><br>For an Order Granting Leave to Issue Subpoenas To BSG Resources Ltd., Alvarez & Marsal Holdings, LLC, and Cleary Gottlieb Steen and Hamilton LLP for Taking of Discovery Pursuant to 28 U.S.C. § 1782 | Civil Action No. 1:21-mc-00681 |

**APPLICANT'S REQUESTS FOR PRODUCTION UNDER 28 U.S.C. § 1782**

1

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1782, Applicant hereby requests that Cleary Gottlieb Steen and Hamilton LLP ("Cleary"), BSG Resources ("BSGR"), and Alvarez & Marsal Holdings, LLC ("A&M") (together "Respondents") respond to this Request for Production of Documents and produce and permit Applicant to inspect and copy all responsive documents within 30 days. Respondents are advised that the rules of discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure are applicable to requests made pursuant to 28 U.S.C. § 1782, and of its obligations under Rule 26(e) to supplement its response. All documents shall be produced at the office of EarthRights International, 1612 K St. NW, Suite 800, Washington, DC 20006 and shall be produced as they were maintained in the ordinary course of business.

## DEFINITIONS

Please note that all words herein have their meaning in ordinary English usage. If there is any difficulty in understanding the scope or meaning of any word, please feel free to contact Applicant's U.S. attorneys for an explanation.

Unless a contrary meaning appears in the text, the following definitions apply:

**And** includes the word **or** and vice-versa.

**Any** includes the word **all** and vice-versa.

**BSGR** shall include BSG Resources, and its agents (whether as employees, independent contractors, or otherwise), employees, divisions, groups, segments, departments, operating units, partners, managers, directors, members, representatives, contractors, subcontractors, principals, officers, officials, associates, consultants, brokers, advisors, accountants, and all persons and entities acting or purporting to act on their behalf.

**BSGR Subsidiaries** shall include any company that is directly or indirectly controlled or owned by, or under common ownership or control with, BSGR.

**Communication(s)** as used herein shall refer to any oral, written, in person, or any other form of relay, transmission, or transference of information or documents by any means whatsoever including but not limited to by way of mail, computer, telephone, cellular or mobile phone, voice mail, electronic mail, digital file attachments, shared network or cloud-based storage drives, radio, video, sound recordings, television, telefax, telex, social media or any other medium.

**Document** as used herein is a broadly inclusive term, referring to any and all written or other graphic matter, however produced, generated, or reproduced, of every kind and description, and to anything upon which sounds, pictures, or electronic images are recorded, transferred, imprinted or depicted by photography, video, typewriting, handwriting, sound recording, or otherwise. Documents also refer to any electronically stored data/information stored on magnetic media such as floppy diskettes, thumb drives, computer disk, hard computer disk, or other computer storage system. Such terms refer to originals, copies where originals are unavailable, copies of originals which differ in any manner from the originals, and all drafts prepared in connection with such matter, including but not limited to the following: contracts, agreements, memoranda of understanding, charts, graphs, inventories, accounts, lists, transcripts, abstracts, tape recordings, video recordings, sound reproductions, summaries, files, pleadings, depositions, answers to requests for admissions, answers to interrogatories, file jackets, file covers, records, books, papers, journals, correspondence, notes, electronic mail messages, agreements, statements, opinions, photographs, motion pictures, objects, microfilm, telegrams, telegraphs, telexes, telefaxes, facsimiles, cables, copies, letters, memoranda, notes, notations, scratch paper, minutes of directors or committee meetings, minutes of interviews, minutes of in-person or telephonic conversations or communications, interoffice communications, shareholder reports, press releases, reports, studies, statistical records, evaluations, tabulations, audits, reviews, assessments, statistics, stenographic notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, computer disks,

computer programs, databases, computer printouts, data processing cards, data processing tapes, or papers similar to any of the foregoing however denominated by the responding party, regardless of whether it was prepared in whole or in part by PepsiCo.

**Electronically Stored Information (ESI)** shall mean, as referenced in the United States Federal Rules of Civil Procedure, information that is stored electronically, regardless of the media or whether it is in the original format in which it was created, as opposed to stored in hard copy (i.e., on paper).

**Including** shall mean "including but not limited to."

**Possession, Custody or Control** shall include in the possession, custody or control of Respondents, including documents in the possession or custody of Respondents' employees and subsidiaries, whether such documents are found within or outside this district.

**Relating to** shall mean in relation to, consisting of, referring to, reflecting, concerning, discussing, describing, evidencing, commenting on, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated and apply to this request for the production of documents.

## INSTRUCTIONS

1. Every request for a document or documents to be produced calls for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your present and former employees, accountants, attorneys, representatives, agents, or other persons acting on your behalf, without regard to the physical location of such documents. Without limiting the term "control," a document is deemed to be within one's control if that person or entity has any ownership, possession, or custody of the document, or the right to obtain the document or a copy thereof.

2. Unless otherwise specified, the documents called for by these document requests are documents in Respondents' possession, custody or control that were produced in the bankruptcy case in the Southern District of New York, *In re BSG Resources Limited*, Case No. 19-11845.

3. Every request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or alteration, and without redaction of any portions of the document.

4. If any document is withheld, in whole or in part, for any reason, including a claim of privilege, whether work-product or attorney-client or other, identify each such document and set forth separately with respect to each such document: the name and job title or capacity of the author(s), sender(s) and recipient(s) of the document; the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than the author(s); the title and description of the document; the subject matter addressed in the document; the purpose(s) for which it was prepared or communicated; the specific basis for the claim that it is privileged; and all such other information as is sufficient to enable an assessment of the applicability of the privilege or protection claimed.

5. If a request seeks a specific document or an itemized category that is not in your possession, custody, or control, provide all documents you have that contain all or part of the information contained in the requested document or category.

6. If you do not clearly understand, or if you have any questions about, the definitions, instructions, or any request for documents, contact Applicant's counsel promptly for clarification.

7. All requested documents shall be produced as they are kept in the regular course of business or shall be organized and labeled to correspond to the categories in this request. More particularly, all documents must be produced in their entirety, including all attachments and enclosures. A

request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.

8. Form of production:

a. Paper Documents. All documents maintained or stored by you in paper format shall be produced as digitally scanned images. You must unitize all scanned images with accurate document breaks and package breaks.

b. Digital, Electronic, or Other Documents. All documents stored by you digitally, electronically, or any other medium shall be produced in the document's native format. In conjunction with the production of any such documents, all metadata or other bibliographic or historical data relating to such documents shall also be produced. In addition, if information stored in such documents cannot be accessed with systems or software available to the general public, such legacy or proprietary systems or software shall be produced with the documents. If usernames, passwords, other credentials, or decryption systems are necessary to access information stored in digital, electronic, or other media, you must provide such usernames, passwords, credentials, or decryption devices when the documents are produced.

9. For each document that is responsive to this request but redacted, in whole or in part, for any reason, including the assertion of privilege, a work product claim, or other objection, indicate the portion of the document so withheld by stamping the words "MATERIAL REDACTED" on the document at an appropriate location on the document that does not obscure the remaining text.

10. To the extent a document subject to an assertion of privilege, a work product claim, or other objection contains any responsive information not subject to such assertion or objection, the non-privileged portion must be produced. Claimed irrelevance is not a lawful basis for redacting or failing to produce part of a document the balance of which contains responsive material.

11. To the extent that there are no documents responsive to a particular request, you shall state so in writing.

12. These requests are continuing, and your response to these requests must be properly supplemented when appropriate or necessary.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Unredacted transcripts of the depositions of Peter Driver and Dag Cramer from all legal proceedings, including but not limited to legal proceedings in the courts of Guernsey and New York.

2. Documents referred to as Ex. D, E, F, G, H, and J attached to Opp. to the Mot. of the Joint Administrators for an Order (I) Affirming Confidentiality Designations and (II) Modifying the Court's Confidentiality Stipulation and Request for Sanctions, *In re BSG Resources Lmtd.*, No. 19-11845 (Bankr. S.D.N.Y. May 26, 2020) (Dkt. 97).

3. All loan documents between Octea Ltd. and BSGR, including but not limited to, letters of support, Board meeting minutes, Board resolutions, loan agreement, records of payments, and any other related documents.

4. All documents related to financial arrangements between Star West, Octea Ltd., and Koidu Ltd. to which BSGR is a party, including but not limited to loan agreements, the BSGR guarantee, Board meeting minutes, Board resolutions, and any other related documents.

5. All documents related to the Standard Chartered Bank loan facility agreement involving Octea Ltd. or Koidu Ltd., including but not limited to loan agreements, guarantees, side letters, amendments, share purchase agreements, Board meeting minutes, Board resolutions, and any other related documents.

6. Any documents listing or discussing the assets or debts of Koidu Ltd., Octea Ltd., Octea Mining Ltd., Octea Foundation Ltd., Octea Diamonds Ltd., Octea Services Ltd., or any other entity working in Sierra Leone.

7. Any Board meeting minutes at which decisions were made with respect to Koidu Ltd., Octea Ltd., Octea Mining Ltd., Octea Foundation Ltd., Octea Diamonds Ltd., Octea Services Ltd., or any other entity working in Sierra Leone.

8. Any documents discussing environmental or resettlement issues at the Koidu Mine, or any other mine operated in Sierra Leone.

Dated: August 19, 2021

Respectfully submitted,

/s/LINDSAY A. BAILEY

Lindsay A. Bailey, Esq.
Bar Code for S.D.N.Y.: 5747878

EarthRights International
1612 K Street NW, Suite 800
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

*Attorney for Applicant*