

September 25, 2023

The Honorable Ronnie Abrams
United States District Court for the Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

**Re:** *In Re Petition of Marginalised Affected Property Owners*, No. 1:21-mc-00681

Petitioners write to provide an update in this action, and to request that the Court grant their Petition.  To this point, the parties have provided periodic, joint status updates.  A breakdown in communication and the handling of the parties' provisional agreement on the handling of documents, however, has driven the Petitioners to send this update, in order to request a partial end to the briefing schedule suspension and a ruling on the Petition as to Petitioners Alvarez & Marshal Holdings ("Alvarez") and BSG Resources Ltd. (BSGR).

1. The Provisional Agreement and its aftermath

This Petition was filed on August 19, 2021.  Rather than respond to the Petition, the Respondents submitted a proposal to Petitioners: Petitioners should provisionally agree to be bound by the terms of the confidentiality stipulation in the Chapter 15 proceedings during which the documents in question had originally been produced.  If Petitioners agreed, Respondents Alvarez and BSGR would make the documents available to the Petitioners. Petitioners would identify which documents from the full production set they wanted to use in litigation in Sierra Leone, and Respondents would then decide whether confidentiality could be lifted for those specific documents.  Any irreconcilable conflicts over confidentiality would be referred to the Court for resolution.[1]

Petitioners agreed to the proposal in October 2021, and Respondents provided the documents in question.[2]  As far as Petitioners are aware, every single page Respondents provided was marked Confidential, regardless of its contents or status.[3]  Petitioners spent several months reviewing and processing the documents, and they provided their list to Respondents on October 8, 2022.[4]  Out of a total of over 27,000 documents, Petitioners

---

[1] *See* Declaration of Marco B. Simons ¶ 5.

[2] *See id.* ¶¶ 5-6.

[3] *See id.* ¶ 7.

[4] *See id.* ¶ 9.

| Southeast Asia Office | Amazon Office | US Office |
|---|---|---|
| PO Box 123 | Av. Jorge Basadre No. 489 | 1612 K Street, NW, Suite 800 |
| Chiang Mai University | Departamento 401 | Washington, DC  20006 |
| Chiang Mai 50202 Thailand | San Isidro, Lima, Peru | Tel: +1 (202) 466-5188 |
| +66-81-672-3095 | +51-1-359-9721 | Fax: +1 (202) 466-5189 |
| infoasia@earthrights.org | infoperu@earthrights.org | infousa@earthrights.org |

www.earthrights.org

identified just 120 documents to the Respondents.[5]

In October 2022, Respondents committed to the Court that they could complete document review in "less than one month." DE 22. In preparation for a court-ordered status update on January 6, 2023, Respondent committed again to completing document review in about one month.[6]

Since that date, despite multiple exchanges in which Respondents promised to begin making decisions on the lifting of confidentiality, either en masse or on a rolling basis,[7] Respondents have declined to make a decision on even a single document.[8] Respondents have also regularly ignored Petitioners' emails.[9]

Petitioners informed Respondents on August 14, 2023 that they intended to return to court to seek a ruling on their Petition if Respondents made no decisions on the confidentiality designations by August 25, 2023.[10] Respondents made no decisions by the indicated date; in fact, aside from a phone call on August 24 from counsel for Respondent Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), who sought to know whether they would still be included as Respondents in the reactivated petition,[11] none of the Respondents responded in any way to Petitioners' communication.

On October 27, 2022, the High Court in Sierra Leone agreed with the defendants' jurisdictional objections and dismissed the litigation underlying this Petition. Plaintiffs filed a timely motion for leave to appeal, which is still pending. Respondents never suggested that the High Court's decision mooted Petitioners' request for documents.

2. <u>Request to restart the briefing schedule and for a ruling on the Petition</u>

In light of the several months since Petitioners have had any news from Respondents, Petitioners request the Court to end the suspension of the Petition as to Respondents Alvarez and BSGR, and to assign a briefing schedule.[12] Specifically, Respondents should be required to

---

[5] *See id.* ¶ 9.

[6] *See id.* ¶ 16.

[7] *See id.* ¶¶ 18, 20.

[8] *See id.* ¶ 23.

[9] *See id.* ¶¶ 13-24 (documenting eight instances of Mr. Stagman failing to respond to e-mails).

[10] *See id.* ¶ 24.

[11] *See id.* ¶ 25.

[12] Since the documents were already produced by Respondents Alvarez and BSGR – a process in which Respondent Cleary took no part – we believe it is in the interests of judicial economy to continue to hold the Petition as to Respondent Cleary in abeyance at this time. Petitioners are cognizant that the Petition as to Respondent Cleary raises additional issues of law in relation to the obligations and privileges that apply to law firms, which could be avoided if the Petition were fully resolved as to Respondents Alvarez and BSGR. Petitioners are content for the Petition as against Respondent to Cleary to remain suspended unless and until the Court determines that there is some obstacle to the free use of the production set from Respondents Alvarez and BSGR that would not also apply to Respondent Cleary.

respond within 21 days of the date on which the briefing schedule is assigned.

In the interim, Petitioners will continue to abide by the provisional confidentiality undertaking, even though Respondents have not honored their commitment to consider and make decisions on Petitioners' request to lift confidentiality. We would note, however, that we now believe that Respondents' actions – agreeing to turn over documents subject to a confidentiality stipulation, providing documents that were indiscriminately designated as Confidential, and then failing indefinitely to abide by commitments to resolve confidentiality disputes – is part of Respondent BSGR's pattern of dilatory discovery behavior. As noted in the Petition, Respondent Cleary represented to the Bankruptcy Court that the discovery from which the documents produced to Petitioners were selected did not merit confidential treatment, an assessment that Respondent Alvarez implicitly agreed with.[13] Respondent BSGR has a history of discovery misconduct, including ignoring discovery orders, dragging its feet on deadlines, and even reshuffling its corporate structure to avoid discovery.[14] In fact, in the Chapter 15 proceedings, Vale repeatedly accused BSGR of doing precisely what it has done here: refusing to reconsider over-inclusive confidentiality designations despite the existence of a mechanism in the confidentiality stipulation for doing so.[15]

In light of this pattern, we believe that BSGR has waived any right to rely on its confidentiality designations, and that those designations can be disregarded – just as Respondent Cleary indicated. We request that the Court grant the Petition and allow free use of Respondents' entire production set.

Respectfully submitted,

*/s/ Marco B. Simons*
Marco B. Simons
EarthRights International
1612 K Street NW, Suite 800
Washington, DC 20006
Tel: 202-466-5188 x103
marco@earthrights.org
Counsel for Petitioner

This matter has been referred to Magistrate Judge Wang and the parties may thus raise the issues raised herein with Judge Wang.

SO ORDERED.

_____
Hon. Ronnie Abrams
September 29, 2023

---

[13] Petition, ECF 1 at 24-25.

[14] *Id*. at 8-10.

[15] *See, e.g.,* Letter from Jeffrey Rosenthal to Judge Sean Lane, *In re BSG Resources Ltd.*, No. 19-11845 (SHL), DE 90 (S.D.N.Y. May 5, 2020) (identifying BSGR's abuse of confidentiality designation and failure to de-designate documents that could not possibly be confidential, thereby unfairly depriving Vale of the opportunity to use them); Vale S.A.'S Opposition to the Motion of the Joint Administrators for an Order (I) Affirming Confidentiality Designations and (II) Modifying the Court's Confidentiality Stipulation and Request for Sanctions, *Id.*, DE 97 at 6-11 (S.D.N.Y. May 26, 2020) (further detailing BSGR's dilatory use of confidentiality designations and noting that BSGR only de-designated documents in preparation for filing a motion to uphold confidentiality designations on a smaller sub-set of documents).